IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RONALD ELIZONDO, SR. et al** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:20-cv-00191** |
| | § | |
| **DONALD HINOTE et al** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT NUECES COUNTY'S CONDITIONAL RULE 72(b)(2) OBJECTION TO THE MAGISTRATE'S MEMORANDUM AND RECOMMENDATION (DE 121)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Nueces County, Texas (hereinafter "the County") files this Conditional Objection to the Magistrate's Memorandum and Recommendation (DE 121) to ensure that the grounds asserted for dismissal in Nueces County's Rule 12 Motion to Dismiss (DE 83) and Reply in Support of Its Rule 12 Motion to Dismiss (DE 107)[1] are preserved so this Court and any appellate court may consider those grounds as further support for dismissal of this matter.

The Memorandum and Recommendation acknowledges that all Defendants have motions to dismiss pending before the Court asserting various grounds for dismissal. DE 121; p. 1-2. *See also* DA's Office Defendants' and Nueces County's Second Motion to Dismiss for Lack of Standing (D.E. 109). The Magistrate Judge urges the Court to grant the County's and DA's Office's motion to dismiss for lack of standing. DE 121; p. 2, 16-17.[2] Accordingly, the Memorandum and

---

[1] Together referred to herein as the County's Rule 12 Motion to Dismiss.

[2] If the Court adopts the Memorandum and Recommendation all Defendants would be dismissed except for Defendant Hinote. *Id*. at p. 2.

{C2681997.DOCX:3}

1

Recommendation does not address the merits of the County's Rule 12 Motion to Dismiss but instead recommends denying the County's Rule 12 Motion to Dismiss as moot. *Id.* at p. 17. *See also Moot*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("2. Having no practical significance; hypothetical or academic <the question on appeal became moot once the parties settled their case>").

If the Court adopts the Magistrate Judge's recommendations, Nueces County would be dismissed from the case and would be considered a prevailing party as to matters before the Magistrate Judge. Although the Magistrate Judge also recommends dismissing the County's other arguments for dismissing the case, this arguably adverse recommendation is not based on a review of the merits of the motions to dismiss, but due to mootness. No case has been found discussing whether a party who prevails on matters before a magistrate has an obligation under Rule 72 to object to or otherwise place the district court on notice of *unaddressed* issues in a magistrate's recommendation which are denied solely for mootness.

Generally, the failure to timely object to a magistrate's recommendation prior to its adoption, "may constitute a waiver of appellate review of the district judge's order". FED. R. CIV. P. 72 advisory committee notes. This rule does not appear absolute. Some courts of appeal have held that "a party, who substantially prevails in a magistrate judge's recommendation, does not waive the right to appeal secondary issues resolved against him by failing to object to the recommendation". *See, e.g., United States v. Street*, 917 F.3d 586, 598 (7th Cir. 2019) (quoting *Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011) and listing cases). The Fifth Circuit has not addressed the issue.

Because there is no clear authority on the issue, in an abundance of caution, the County conditionally objects to the Memorandum and Recommendation to the extent that it may be

inferred that denying Nueces County's Rule 12 Motion to Dismiss due to mootness is other than without prejudice.  The order adopting the Memorandum and Recommendation should make clear that the merits of the County's Rule 12 Motion to Dismiss have not been heard and are preserved so this Court and any appellate court may consider those grounds as further support for dismissal of this matter.

## PRAYER

Nueces County respectfully requests this Court adopt the Memorandum and Recommendation and that in its order, the Court clarify that the dismissals of Nueces County's Rule 12 Motion to Dismiss (DE 83) and Nueces County's Reply in Support of Its Rule 12 Motion to Dismiss (DE 107) are without prejudice and that all arguments contained therein are preserved so this Court and any appellate court may consider those grounds as further support for dismissal of this matter.  The County also requests all other relief to which it may be entitled.

Respectfully submitted,

**BRANSCOMB, PLLC**
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401
Telephone: (361) 886-3800
Facsimile: (361) 886-3805

By: */s/ Keith B. Sieczkowski*
Keith B. Sieczkowski
*Attorney in Charge*
State Bar No. 18341650
Fed. I.D. 7118
ksieczkowski@branscomblaw.com
Emily K. Arnold
State Bar No. 24105441
Fed. I.D. 3293705
earnold@branscomblaw.com

**ATTORNEYS FOR DEFENDANT NUECES COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that May 20, 2022, a true and correct copy of the foregoing was served via electronic service to the following pursuant to the Federal Rules of Civil Procedure:

James "Wes" Bearden
Ashley Mule
J.W. Bearden & Associates, PLLC
1341 Mockingbird Lane, Suite 820
Dallas, Texas 75247
*Counsel for Plaintiffs*

Seth Bryon Dennis
Kelsey L. Warren
Assistant Attorney Generals
Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711
*Counsel for Defendants*
*Department of Public Safety and*
*Donald Hinote*

Myra Morris
Brian Miller
ROYSTON RAYZOR
VICKERY & WILLIAMS L.L.P.
802 N. Carancahua St., Suite 1300
Corpus Christi, TX 78401
*Counsel for Defendants Mark Gonzalez,*
*Michelle Putman, Angelica Hernandez,*
*and Sharra Rodriguez*

Lilia K. Castro
Assistant City Attorney
City of Corpus Christi Legal Department
P.O. Box 9277
Corpus Christi, Texas 78469-9277
*Counsel for Defendants Lorraine*
*Matthews*
*and the City of Corpus Christi*

*/s/ Keith B. Sieczkowski*
Keith B. Sieczkowski