United States District Court
Southern District of Texas
**ENTERED**
August 10, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RONALD ELIZONDO, SR., and MARIA ELIZONDO, individually and as the lawful heirs of the Estate of Ronald Elizondo, Jr.,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. 2:20-CV-00191** |
| **DONALD HINOTE, TEXAS DEPARTMENT OF PUBLIC SAFETY, CITY OF CORPUS CHRISTI, LORRAINE MATTHEWS, NUECES COUNTY, MARK GONZALEZ, ANGELICA HERNANDEZ, MICHELLE PUTMAN, SHARRA RODRIGUEZ, and RODNEY HERNANDEZ,** | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

At 1:26 a.m. on July 10, 2019, Donald Hinote's home security system alerted to movement in front of his house. Hinote was a Trooper with the Texas Department of Public Safety and was off-duty at the time. He grabbed a pistol and went outside where he saw Ronald "Nano" Elizondo, Jr. inside a vehicle owned by a third party parked on the street. Hinote believed that Elizondo was committing a crime, so he quickly and quietly approached him. Hinote shouted, "Hey, get out of there!" Elizondo responded by running away from the vehicle in the only direction available to him, toward Hinote. Hinote then shot at him at least four times, and Elizondo's injuries resulted in his death.

He was 17. His parents, Ronald Elizondo, Sr., and Maria Elizondo filed this lawsuit as a result.

Pending before the Court is the May 6, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 121). In the M&R, the Magistrate Judge recommends that the Court dismiss all claims except Count I against Hinote.

The Parties were provided proper notice and the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Nueces County filed timely Conditional Objections, (Dkt. No. 122), as did Mark Gonzalez, Angelica Hernandez, Michelle Putman, and Sharra Rodriguez (collectively, the "DA's Office Defendants"), (Dkt. No. 123), as well as the City of Corpus Christi and Detective Lorraine Matthews, (Dkt. No. 124). The Elizondos also filed Objections,[1] (Dkt. No. 125), to which the DA's Office Defendants and Nueces County responded. (Dkt. Nos. 128–29).

## I. LEGAL STANDARD

### A. OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

Under 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for various enumerated dispositive matters. 28 U.S.C. § 636(b)(1)(A). In other words, a magistrate judge may generally rule directly on a non-dispositive pretrial motion. Under Rule 72 of the Federal Rules of Civil Procedure, a party wishing to object to an order on a non-

[1] The Elizondos' Objections were filed late; however, they moved for leave to file them out of time. (Dkt. No. 126). Magistrate Judge Hampton granted this request. (Dkt. No. 127).

dispositive matter "may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). When a party files timely objections to a non-dispositive matter, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

"A magistrate judge's non-dispositive order may *only* be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)) (emphasis added). The "clearly erroneous" standard of Section 636 is "highly deferential" and "requires the court to affirm the decision of the magistrate judge unless on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed." *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (cleaned up). That is, when applying the clearly erroneous standard of review, a district judge may not reverse if the magistrate judge's factual findings are "plausible in light of the record viewed in its entirety."

**B. OBJECTIONS TO THE MAGISTRATE JUDGE'S M&R**

Any party who desires to object to a magistrate judge's M&R must serve and file written objections within 14 days of service. 28 U.S.C. § 636(b)(1). For timely objections, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* As to portions of the M&R where no objection is made, review is for plain error. *See Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825–26 (5th Cir. 2015).

## II. DISCUSSION

### A. NUECES COUNTY'S OBJECTION TO THE ORDER GRANTING THE ELIZONDOS LEAVE TO FILE AN UNTIMELY OBJECTION

Nueces County objects to the Magistrate Judge's Order, (Dkt. No. 127), granting the Elizondos leave to file objections four days after the deadline.[2] (Dkt. No. 129 at 1–3). Nueces County argues that an extension of time to file objections may only be granted upon a finding of "good cause" and "excusable neglect." (*Id.* at 2). According to Nueces County, the Magistrate Judge erred by granting the Elizondos' request because they did not carry their burden of demonstrating that the deadline was missed due to good cause and excusable neglect. (*Id.* at 3).

Upon reviewing the Plaintiffs' Objections, their Motion for Leave, the Magistrate Judge's Order, and Nueces County's Objection, the Court concludes the Magistrate Judge did not commit clear error. The Court is not left with a definite and firm conviction that the Magistrate Judge committed a mistake. *See Baylor Health Care Sys.*, 955 F. Supp. 2d at 689.

Rule 6(b) of the Federal Rules of Civil Procedure grants district courts broad discretion to expand filing deadlines.[3] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d

---

[2] While the DA's Office Defendants' Response to the Elizondos' objections expresses skepticism of the order, they do not object. *See* (Dkt. No. 128 at 1 & n.1).

[3] Rule 6(b) states in relevant part:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(continue)

265, 275–76 (5th Cir. 2015). If a party makes a request for an extension of time "after the time has expired," a court may grant the motion only if it finds both that there is "good cause" and that "the [moving] party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (cleaned up).

In granting the Motion for Leave, the Magistrate Judge implicitly found that the Elizondos had good cause and failed to act due to excusable neglect. The Elizondos' Motion for Leave states that "oversight of the deadline was not due to bad faith or undue delay." (Dkt. No. 126 at 1). While the Magistrate Judge did not *expressly* engage with the factors courts typically look to when assessing excusable neglect, *see Adams*, 465 F.3d at 161 n.8, the Order is not clearly erroneous in light of the record viewed its entirety. *See Baylor Health Care Sys.*, 955 F. Supp. 2d at 689.

When considering the meaning of "excusable neglect" in Rule 6(b)'s analog in the Federal Rules of Bankruptcy Procedure, the Supreme Court concluded that it was generally within the discretion of courts to make extensions due to a party's "inadvertence," "mistake," or even "carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388–89, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993); *see also*

---

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524–25 (5th Cir. 2021) (applying *Pioneer Inv. Servs. Co.* , 507 U.S. 380, 113 S.Ct. 1489).

Mindful that a magistrate judge's ruling on a non-dispositive matter may only be set aside if it is clearly erroneous and mindful of the significant discretion judges have over filing deadlines, the Court **AFFIRMS** the Magistrate Judge's Order.[4] (Dkt. No. 127). The Court **OVERRULES** Nueces County's Objection.

### B. THE ELIZONDOS' OBJECTION TO THE MAGISTRATE JUDGE'S M&R

A brief overview of the litigation is helpful before turning to the Elizondos' Objection. The gravamen of the Elizondos' Complaint is that all the Defendants advanced or are implicated in an unlawful custom and policy of the Nueces County District Attorney's Office. (Dkt. No. 78 at ¶ 29). The alleged policy is that law enforcement officers are immune from prosecution for the use of excessive or unnecessary force. (*Id.*). Further, the Elizondos argue that this policy of non-prosecution of law enforcement officers was the cause of their son's death. (*Id.*); *see also* (*id.* at 11, 15,

---

[4] The Court would have granted the Elizondos leave to file untimely objections even under the de novo review standard of Section 636(b)(1) and Rule 72(b). The Elizondos had good cause because the late filing was not due to bad faith or undue delay. *See* (Dkt. No. 126 at 1). And the Elizondos demonstrated excusable neglect. First, the prejudice to Nueces County is negligible since (1) the objections were only filed four total days (two business days) late; (2) Nueces County promptly responded to the objections; and (3) circumventing the windfall Nueces County would enjoy by rejecting the Elizondos' objections is not undue prejudice. *See Adams*, 465 F.3d at 161 n.8; *Weeks v. Bottling Grp. LLC*, No. PE:21-CV-00066-DC-DF, 2022 WL 545064, at *2 (W.D. Tex. Feb. 23, 2022). Second, the minor length of delay favors the Elizondos. *See Adams*, 465 F.3d at 161 n.8. Third, while the lack of a clear reason for the delay favors Nueces County, the Court notes that it granted Nueces County two extensions of time to file separate motions and that the Elizondos have diligently litigated their claims for over two years. All in all, the third factor only slightly favors Nueces County. *Id.* Finally, the Elizondos state that the delay was not made in bad faith, and Nueces County has made no attempt to rebut this. Accordingly, the fourth factor favors the Plaintiffs. *Id.*

17–18, 20, 25–26, 29–38). The Defendants filed various Motions to Dismiss. (Dkt. Nos. 83–87, 109, 118). The Elizondos responded. (Dkt. Nos. 92–96, 115). And the Defendants replied. (Dkt. Nos. 103–07).

The M&R carefully and thoughtfully considers the Elizondos' Complaint and the applicable law. At bottom, the M&R relies on Supreme Court precedent, recently reiterated by the Fifth Circuit, that a plaintiff does not have standing to challenge the policies of a prosecuting authority unless he himself is prosecuted or threatened with prosecution. (Dkt. No. 121 at 9–17) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021)). Because of this line of binding precedent, the M&R recommends dismissing all the Elizondos' claims premised on this theory. (Dkt. No. 121 at 2). That would constitute most of the Elizondos' claims.

The Elizondos filed a single objection, which follows in full:

> Plaintiffs object to the magistrate judge's recommendations for the following reasons: the magistrate judge erroneously concluded that Plaintiffs have not shown standing. Plaintiffs have alleged a policy existed of manipulating the criminal justice system prior to Elizondo's shooting, in effect justice for sale. The Magistrate Judge's recommendation cites *Lefebure v. D'Aquilla* for proposition that a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution. 15 F.4th 650, 652 (U.S. 5th Cir. 2021). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). However, the recommendation is completely silent regarding the fact that Nano Elizondo, the decedent, was listed as the offender for the crime Burglary of a Motor Vehicle in furtherance of this scheme. Doc. 78 ¶¶ 42-43. Thus, there does exist a causal connection between the injury suffered and the conduct complained.

(Dkt. No. 125 at ¶ 7). This objection hinges on the Elizondos' allegation, which the Court is obliged to accept as true at the Motion to Dismiss stage, that Nano Elizondo was suspected of a criminal offense. The objection is unclear, but it appears to be that because the decedent was suspected of criminal conduct, the Elizondos' claims should survive under *Lefebure* and *Linda R.S.* (*Id.*).

The DA's Office Defendants argue that the Elizondos' objection fails to provide any basis for overruling the Magistrate Judge's conclusion that the Elizondos do not have standing in this case. (Dkt. No. 128 at 2). Nueces County agrees. (Dkt. No. 129 at 3–4). The DA's Office Defendants also argue that, regardless, the allegation is a conclusion with an "obvious alternative explanation"; that is, Nano Elizondo was suspected of a crime, not in furtherance of an unlawful policy, but because the Complaint itself acknowledges that at around 1:26 am on the day of his death, he was in a vehicle that was owned by a third party and parked outside Hinote's house. (Dkt. No. 128 at 2) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009)). The Court agrees.

The Elizondos have failed to distinguish or overcome the analysis in the M&R. Even reading their Objection in its best light—that suspecting Nano Elizondo of a crime provides a connection to prosecution or the threat of prosecution—their Objection does not withstand the holdings in *Linda R.S.* and *Lefebure* that it is too attenuated for standing purposes to attribute an injury in fact to non-prosecution. *Linda R.S.*, 410 U.S. at 619, 93 S.Ct. at 1149 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another . . . . [The plaintiff] has made an insufficient showing of a direct nexus between the vindication of her interest and the enforcement of the State's

criminal laws."); *Lefebure*, 15 F.4th at 660 ("In short, [the plaintiff] lacks standing due to lack of causation and redressability . . . . *Linda R.S.* is based on the premise that a victim of an undeterred crime is *not automatically* a victim of nonenforcement . . . . And because the connection is not automatic, then it is too attenuated for purposes of causation and redressability under *Linda R.S.*" (emphasis in original) (cleaned up)). Thus, the Court **OVERRULES** the objection.[5]

## III. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's Order granting leave for the Elizondos to file objections to the M&R. (Dkt. No. 127). The Court **OVERRULES** Nueces County's Objections. (Dkt. No. 129). Further, the Court **ACCEPTS** the M&R as the opinion of the Court. (Dkt. No. 121). Accordingly, the Court:

1. **GRANTS** Mark Gonzalez, Angelica Hernandez, Michelle Putman, Sharra Rodriguez, and Nueces County's Motion to Dismiss, (Dkt. No. 109), and **DISMISSES** the claims against them in Counts II, IV, and V of the Second Amended Complaint, (Dkt. No. 78), for lack of standing;
2. **DISMISSES** the claims against all Defendants in Counts III and V *sua sponte* for lack of standing;

[5] Nueces County, the DA's Office Defendants, the City of Corpus Christi, and Lorraine Matthews lodged Conditional Objections to the M&R. (Dkt. Nos. 122–124). The Conditional Objections were all filed out of an abundance of caution because the filing defendants were unsure whether they had an obligation to preserve the alternative bases for relief that they articulated in their motions to dismiss (since the Magistrate Judge recommends dismissal of the claims against them, based on the lack of standing). The Court **OVERRULES** the Conditional Objections as moot.

3. **GRANTS IN PART** and **DENIES IN PART** as moot the Texas Department of Public Safety's Motion to Dismiss, (Dkt. No. 87), and **DISMISSES** the state law claims against it in Count VI; and

4. **DENIES AS MOOT** all other pending motions to dismiss. (Dkt. No. 83); (Dkt. No. 84); (Dkt. No. 85); (Dkt. No. 86); (Dkt. No. 118).

The only claim that remains is Count I: the 42 U.S.C. §§ 1983, 1985 claims against Defendant Donald Hinote. *See* (Dkt. No. 78 at 29–31).

It is SO ORDERED.

Signed on August 9, 2022.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**